ESTHER NIES, et al.,

                Plaintiffs,

v.                                     Case No. 24-CV-446

DANIEL ASTREL, et al.,

                Defendants.

## DECISION AND ORDER ON THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On January 4, 2021, at about 4:28 p.m., Esther Nies was driving her minivan south on Dickinson Road in Glenmore, Wisconsin, when she was struck by a semitruck that failed to stop at a stop sign at the intersection with County Road X. (ECF No. 49, ¶ 1.)

Nies and three children who were with her in the van sued the driver of the semi, Daniel Astrel, and his employer, KLLM Transport Services in Brown County Circuit Court. The defendants removed the action to federal court pursuant to 28 U.S.C. § 1332(a).

The plaintiffs ask the court to enter partial summary judgment in their favor and find both that Astrel was negligent "as well as no comparative or contributory negligence against Esther Nies." (ECF No. 37 at 4.)

The plaintiffs state that their motion is brought under Wis. Stat. § 802.08(2). (ECF No. 37 at 1.) However, because this action was removed from state court, it is governed by federal procedural law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 91-92 (1938). The federal procedure for summary judgment is found in Federal Rule of Civil Procure 56 and Civil Local Rule 56 (E.D. Wis.).

A movant must support a motion for summary judgment with "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Civ. L.R. 56(b)(1)(C). "[T]he statement shall consist of short numbered paragraphs, each containing a single material fact, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph." Civ. L.R. 56(b)(1)(C)(i).

The plaintiffs failed to submit the required statement of proposed material facts. This "failure to submit such a statement constitutes grounds for denial of the motion." Civ. L.R. 56(b)(1)(C)(iii).

The defendants, however, do not oppose the entry of summary judgment as to the plaintiffs' claim that "Astrel was negligent and that his negligence was a cause of the accident." (ECF No. 43 at 1.) Consequently, that aspect of the plaintiffs' motion will be granted as unopposed.

The plaintiffs' motion is denied as to Nies's negligence. *See* Civ. L.R. 56(b)(1)(C)(iii). Even if the court were to look past the plaintiffs' failure to comply

with the court's Local Rules, summary judgment in the plaintiffs' favor would be inappropriate.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is not enough for the court to find a particular outcome at trial is likely. The court may grant summary judgment only if, when viewing the facts in the light most favorable to the nonmovant, no reasonable finder of fact could find in favor of the nonmovant. *Donald v. Wexford Health Sources*, 982 F.3d 451, 457 (7th Cir. 2020).

Questions of negligence are rarely appropriate matters for summary judgment. *See Clements v. United States*, No. 22-CV-1411, 2024 U.S. Dist. LEXIS 223925, at *6 (E.D. Wis. Dec. 11, 2024). While it is undisputed that Astrel failed to stop at a stop sign, this fact does not bar a finding that Nies was contributorily negligent. *See* Wis. Stat. § 895.045(1); *see also, e.g.,* Wis. J.I. Civ. 1090 (noting that a driver must maintain a lookout at an intersection). Nies's testimony that she did not see the semitruck until immediately before it struck her van does not preclude a jury from finding that she *should* have seen the truck in time to avoid or mitigate the accident and therefore was contributorily negligent. *See* Wis. J.I. Civ. 1070 (discussing a person's duty to see an object in plain sight). A reasonable jury could find that, given the landscape, topography, weather, and other factors, a driver in Nies's position should have noticed that a semitruck traveling at highway speeds was not going to stop at the intersection and thus taken steps to avoid the accident. Whether there

were reasonable alternatives if Nies had seen the truck (*see* ECF No. 47 at 7-8) are questions for the jury. The reasonableness of Nies' actions are matters within the ken of a layperson, and therefore there is no need for the defendants to have hired an expert to opine as to Nies's actions.

Plaintiffs rely on Astrel's deposition testimony regarding his opinions as to Nies's negligence, yet Astrel's opinions are not determinative. Astrel's testimony that he was not aware of anything that Nies did to contribute to the accident, though likely favorable to the plaintiffs, does not bar a jury from finding that Nies was contributorily negligent. Contributory negligence is not dictated by the limits of Astrel's personal knowledge.

Finally, the plaintiffs have failed to prove that this is one of the extraordinary cases where public policy must preclude any finding of contributory negligence on Nies's part, *see Reshan v. Harvey*, 63 Wis. 2d 524, 534, 217 N.W.2d 302, 307 (1974), much less that this is a question that the court should resolve at summary judgment.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for summary judgment is **granted in part and denied in part**. The motion is granted with respect to Astrel's negligence. The motion is denied with respect to Nies's negligence.

Dated at Green Bay, Wisconsin this 5th day of February, 2025.

s/ Byron B. Conway
_____
BYRON B. CONWAY
United States District Judge